James D. DiPasquale #11033
DIPASQUALE & SUMMERS, LLP
841 Bishop Street, Suite 1610
Honolulu, Hawaii 96813
Tel: (808) 240-4771
james@ds-lawoffices.com

*Attorneys for Plaintiff JHUMAR RAY WAITE*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF HAWAII

| | |
|---|---|
| JHUMAR RAY WAITE,<br><br>               Plaintiff,<br><br>-against-<br><br><br>HONOLULU LIQUOR COMMISSION; JACOB FEARS, in his individual and official capacities; GLEN NISHIGATA, in his individual and official capacities; and CATHERINE FONTAINE, in her individual and official capacities,<br><br>               Defendants. | Civil No.: 1:23-cv-00356<br><br>**COMPLAINT FOR VIOLATIONS OF TITLE VII AND H.R.S. §378-2, VIOLATIONS OF EQUAL PROTECTION, RETALIATION, HOSTILE WORK ENVIRONMENT, AND NEGLIGENT HIRING, TRAINING, SUPERVISION, AND RETENTION, AND INJUNCTIVE RELIEF**<br><br>**DEMAND FOR JURY TRIAL** |

Plaintiff Jhumar Ray Waite ("Plaintiff" or "Waite") asserts and states his claims against Defendants Honolulu Liquor Commission ("HLC"); Jacob Fears, in his individual and official capacities ("Investigator Fears"); Glen Nishigata, in his individual and official capacities ("Investigator Nishigata"); and Catherine Fontaine, in her individual and official capacities ("Investigator Fontaine"), as follows:

## NATURE OF ACTION

1. This is an action brought by Plaintiff under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and H.R.S. §378-2, to correct unlawful employment practices on the basis of his sexual orientation (gay male), and race (Filipino).

2. As set forth with greater particularity below, Plaintiff alleges that Defendants violated Title VII and H.R.S. §378-2, by unlawfully subjecting Plaintiff to harassment, including a hostile work environment based on his sexual orientation (gay male), and race (Filipino).

3. This is also a lawsuit seeking damages against the Defendants for retaliation and for the HLC's negligent hiring, training, supervision, and retention practices which have caused the Plaintiff to suffer personal injuries and damages. Plaintiff's claims against the HLC are not barred by sovereign immunity. See H.R.S. §662-2.

## JURISDICTION AND VENUE

4. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 451, 1331, and 1343. This action is authorized and instituted pursuant to Sections 706(f)(1) and (3) of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §§ 2000e-5(f)(1) and (3) and pursuant to Section 102 of the Civil Rights Act of 1991, 42 U.S.C. § 1981a. Plaintiff further invokes the supplemental jurisdiction of this Court under

28 U.S.C. § 1367(a) to hear and adjudicate state law claims which are related to the federal claims such that they form part of the same case or controversy. Each and all the acts alleged herein were done by defendants or their agents, officers, investigators and employees under color of law. This Court has authority to award attorney fees pursuant to 42 U.S.C. § 1988.

5. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the District of Hawaii.

## PARTIES

6. Plaintiff is a citizen of the State of Hawaii and resident of the City and County of Honolulu, Hawaii.

7. Defendant HLC is an agency of the City and County of Honolulu, Hawaii which provides regulatory services to liquor licensees in the City and County of Honolulu and is located in the City of Honolulu, Hawaii.

8. Defendant Investigator Fears is an Investigator with the HLC and upon information and belief is a resident of the City and County of Honolulu, Hawaii.

9. Defendant Investigator Nishigata is an Investigator with the HLC and upon information and belief is a resident of the City and County of Honolulu, Hawaii.

10. Defendant Investigator Fontaine is a Supervisor and investigator with the HLC, and upon information and belief is a resident of the City and County of Honolulu, Hawaii.

## ADMINISTRATIVE PROCEDURES

11. On March 2, 2023, Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC"), alleging that the Defendants discriminated against him on the basis of his sexual orientation and race in violation of Title VII.

12. Plaintiff received his right-to-sue letter dated August 10, 2023 issued by the United States EEOC, a copy of which is attached hereto as Exhibit A.

13. All conditions precedent to the institution of this lawsuit have been fulfilled.

## STATEMENT OF CLAIMS

14. Plaintiff is employed as a Liquor Investigator I with the HLC.

15. Plaintiff began working for the HLC on August 16, 2022.

16. Plaintiff identifies as gay, and this fact is known to the HLC and its employees.

17. Plaintiff is the only person employed by the HLC who identifies as gay.

18. From the commencement of Plaintiff's employment, he has been subjected to discriminatory treatment, including harassment, taunting, and alienation, by his supervisors Investigator Fears and Investigator Nishigata.

19. Investigator Fears has made derogatory comments about the LGBTQ+ community, criticizing gay establishments and suggesting that they feel immune from liquor inspections.

20. Investigator Fears required that Plaintiff enter an LGBTQ+ establishment under the pretext of acting as a translator for gay patrons, which was clearly a derogatory and demeaning comment.

21. Investigator Fears made inappropriate and homophobic comments while in Plaintiff's presence, including remarks about transgender individuals and derogatory statements about gay clubs.

22. Investigator Fears mocked Plaintiff's Filipino accent and made derogatory comments about Filipinos immigrating to the U.S., including offensive comments about Plaintiff's partner.

23. Investigator Fears treated Plaintiff differently from other investigators, because he was not "intimidating, disrespectful, and power-flexing."

24. Investigator Nishigata engaged in discriminatory behavior towards Plaintiff based on his sexual orientation, including refusing to communicate with, or properly train Plaintiff.

25. Investigator Nishigata shouted derogatory and offensive comments at transgender sex workers while in a car with Plaintiff, demonstrating a lack of respect and understanding for marginalized individuals.

26. Investigator Nishigata intimidated Plaintiff into providing a false statement about an incident involving a teenage girl and participated in retaliatory conduct towards her.

27. Defendants' aggressive behavior, including physical altercations and inappropriate remarks, created a hostile work environment, often targeting LGBTQ+ establishments and individuals.

28. Plaintiff filed a complaint with the HLC's Administrative Service Coordinator regarding the discriminatory treatment he experienced, resulting in his placement on paid administrative leave pending investigation, notwithstanding the fact that under Article 40, Item K of the HGEA Unit 3 Collective Bargaining Agreement, the accused is to be placed on leave, not the person filing the complaint.

29. Plaintiff was later returned to work but was placed on administrative leave again following an incident involving damage to a company car, a situation he believes was orchestrated by the Defendants collectively, in retaliation to terminate his employment due to his complaints.

30. Plaintiff believes that Defendants' discriminatory actions were motivated by his sexual orientation, race, and national origin, in violation of Title VII of the Civil Rights Act of 1964 and the Hawaii State Human Rights Law.

31. Plaintiff further believes that his participation in protected activity led to retaliatory actions by Defendants.

## FIRST CAUSE OF ACTION
### Sexual Orientation Discrimination Under Title VII
### (all Defendants)

32. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 31 herein.

33. Defendants' discriminatory actions and treatment towards Plaintiff based on his sexual orientation constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

34. Plaintiff suffered emotional distress, mental anguish, and damage to his professional reputation as a direct result of Defendants' discriminatory conduct, entitling him to compensatory and punitive damages.

## SECOND CAUSE OF ACTION
### Race Discrimination Under Title VII
### (all Defendants)

35. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 34 herein.

36. Defendants' discriminatory actions and treatment towards Plaintiff based on his race and national origin constitute a violation of Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq.

37. Plaintiff suffered emotional distress, mental anguish, and damage to his professional reputation as a direct result of Defendants' discriminatory conduct, entitling him to compensatory and punitive damages.

### THIRD CAUSE OF ACTION
### Sexual Orientation Discrimination Under H.R.S. §378-2
### (all Defendants)

38. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 691 herein.

39. Defendants' discriminatory actions and treatment towards Plaintiff based on his sexual orientation constitute a violation of H.R.S. §378-2.

40. Plaintiff suffered emotional distress, mental anguish, and damage to his professional reputation as a direct result of Defendants' discriminatory conduct, entitling him to compensatory and punitive damages.

### FOURTH CAUSE OF ACTION
### Race Discrimination Under H.R.S. §378-2
### (all Defendants)

41. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 40 herein.

42. Defendants' discriminatory actions and treatment towards Plaintiff based on his race and national origin constitute a violation of H.R.S. §378-2.

43. Plaintiff suffered emotional distress, mental anguish, and damage to his professional reputation as a direct result of Defendants' discriminatory conduct, entitling him to compensatory and punitive damages.

**FIFTH CAUSE OF ACTION**
**Violation of Equal Protection Based on Sexual Discrimination**
**42 U.S.C. 1983 - Fourteenth Amendment; Art. 1, § 5, Hawaii Constitution**
**(Defendant HLC)**

44. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 43 herein.

45. Defendants and their employees and agents, acting under color of law, have violated Plaintiffs' Fourteenth Amendment rights to equal protection under the United States Constitution, and the Hawaii Constitution, Art. 1, § 5, by creating a hostile work environment and engaging in discriminatory behavior against Plaintiff based on his sexual orientation, and by placing the Plaintiff on administrative leave in violation of Article 40, Item K of the HGEA Unit 3 Collective Bargaining Agreement, which requires the accused to be placed on leave, not the person filing the complaint.

46. The equal protection provisions of the United States Constitution embodied in the Fourteenth Amendment, and in the Hawaii Constitution at Art. 1, §

5, afford Plaintiff equal protection rights and privileges, such that the conduct of each of the Defendants, described above, which violated the foregoing equal protection provisions, cannot be tolerated.

47. Defendants' conduct described above fails to further any legitimate, substantial or compelling interest of the State of Hawaii, and has not been formulated or pursued in a manner that is necessary to further any such interest. Additionally, Defendants' conduct bears no rational relationship to any conceivable legitimate state purpose.

48. Defendants' discriminatory actions were taken pursuant to a city custom, policy or practice.

49. Defendants acted under color of law, and their discriminatory actions were taken intentionally, maliciously and with deliberate indifference to Plaintiff's constitutionally protected rights.

50. Plaintiff has endured emotional distress, psychological suffering, and career setbacks as a direct result of Defendants' discriminatory conduct, warranting compensatory and punitive damages.

**SIXTH CAUSE OF ACTION**
**Violation of Equal Protection Based on Race Discrimination**
**42 U.S.C. 1983 - Fourteenth Amendment; Art. 1, § 5, Hawaii Constitution**
**(Defendant HLC)**

51. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 50 herein.

51. Defendants and their employees and agents, acting under color of law, have violated Plaintiff's Fourteenth Amendment rights to equal protection under the United States Constitution, and the Hawaii Constitution, Art. 1, § 5, by creating a hostile work environment and engaging in discriminatory behavior against Plaintiff based on his race and national origin, and by placing the Plaintiff on administrative leave in violation of Article 40, Item K of the HGEA Unit 3 Collective Bargaining Agreement, which requires the accused to be placed on leave, not the person filing the complaint.

52. The equal protection provisions of the United States Constitution embodied in the Fourteenth Amendment, and in the Hawaii Constitution at Art. 1, § 5, afford Plaintiff equal protection rights and privileges, such that the conduct of each of the Defendants, described above, which violated the foregoing equal protection provisions, cannot be tolerated.

53. Defendants' conduct described above fails to further any legitimate, substantial or compelling interest of the State of Hawaii, and has not been formulated or pursued in a manner that is necessary to further any such interest. Additionally, Defendants' conduct bears no rational relationship to any conceivable legitimate state purpose.

54. Defendants' discriminatory actions were taken pursuant to a city custom, policy or practice.

55. Defendants acted under color of law, and their discriminatory actions were taken intentionally, maliciously and with deliberate indifference to Plaintiff's constitutionally protected rights.

56. Plaintiff has endured emotional distress, psychological suffering, and career setbacks as a direct result of Defendants' discriminatory conduct, warranting compensatory and punitive damages.

## SEVENTH CAUSE OF ACTION
### Retaliation
### (all Defendants)

57. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 56 herein.

58. Defendants retaliated against Plaintiff for participating in protected activity, *to wit*, the filing of a charge of discrimination with the EEOC, by placing him on administrative leave and creating a hostile work environment.

59. Defendants further retaliated against Plaintiff by conspiring to terminate his employment.

60. Defendants' retaliation against the Plaintiff has caused him significant emotional distress, anxiety, and professional harm, making him eligible for compensatory and punitive damages.

## EIGHTH CAUSE OF ACTION
## Hostile Work Environment
## (all Defendants)

61. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 60 herein.

62. Defendants' conduct created a hostile work environment for Plaintiff based on his sexual orientation, race, and national origin, thereby violating Title VII and state law.

63. Plaintiff has experienced emotional anguish, mental suffering, and career detriments due to the hostile work environment, making him entitled to compensatory and punitive damages.

## NINTH CAUSE OF ACTION
## Negligent Hiring, Training, Supervision and Retention
## (Defendant HLC)

64. Plaintiff incorporates herein as though fully set forth paragraphs 1 through 63 herein.

65. Hawaii law requires employers "to exercise reasonable care in hiring individuals who, because of the nature of their employment, may pose a threat of injury to members of the public." Janssen v. Am. Haw. Cruises, Inc., 731 P.2d 163, 166 (Haw. 1987).

66. At all times herein mentioned, Defendant HLC has had a mandatory duty of care to properly and adequately hire, train, retain and supervise, and where necessary,

discipline its employees and contractors to avoid unreasonable risk of harm to persons affected by the actions of these employees and contractors. With deliberate indifference, the HLC failed to take necessary, proper or adequate measures in order to prevent the violation of Plaintiffs' rights and injury to said Plaintiffs.

67. The HLC breached its duty of care to persons affected by the action of its employees and contractors by failing to revise its hiring practices and instead proceeded to hire persons wholly unqualified for their respective positions due of their inexperience, criminal history, and unmitigated conflict of interests, including Defendants Fears, Nishigata, and Fontaine.

68. The HLC further breached its duty of care to persons affected by the action of its employees and contractors by failing to properly train and supervise its employees and contractors in: (a) proper and reasonable inspection procedures and the limits of their authority, (b) the knowledge and understanding of the liquor laws of Hawaii and the Rules of the HLC, and (c) how to properly handle interactions and relations with the LGBTQ+ community, which under the HLC's 2002 settlement agreement, all current and future employees would be required to undergo mandatory discrimination training on gender and sexual orientation and retaliation.

69. The foregoing failure to train and supervise is a pattern and practice within the HLC and was carried out by supervisors, administrators and commissioners. This lack of adequate supervisorial training, and/or policies and procedures demonstrates the

existence of an informal custom or policy of promoting, tolerating, and/or ratifying the continuing failure to protect the rights of licensees, the LGBTQ+ community, and the public as a whole.

70. As a direct and proximate result of the negligent conduct of the HLC, Plaintiffs have suffered personal injuries and damages.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff respectfully requests that this Court:

A. Grant a permanent injunction enjoining Defendants, their officers, successors, assigns, and all persons in active concert or participation with each of them, from engaging in harassment and any other employment practices which discriminate on the basis of sexual orientation, race and national origin;

B. Order Defendants to institute and carry out policies, practices, and programs to ensure that they would not engage in unlawful employment practices in violation of Sections 703(a)(1) of Title VII, 42 U.S.C. §§ 2000e-2(a)(1);

C. Order Defendants to make Plaintiff whole by providing compensation for past and future pecuniary losses, including appropriate back pay and front pay with prejudgment interest on any lost pay and benefits, in amounts to be determined at trial;

D. Order Defendants to make Plaintiff whole by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices

complained of above, including emotional pain, suffering, inconvenience, mental anguish, humiliation and loss of enjoyment of life, in amounts to be determined at trial;

    E.    Order Defendants to pay Plaintiff punitive damages for their intentional, malicious, and reckless conduct described above in an amount to be determined at trial;

    F.    Grant such further relief as the Court deems necessary and proper in the public interest.

Dated:    Honolulu, HI
            August 21, 2022

                      DIPASQUALE & SUMMERS, LLP
                      *Attorneys for Jhumar Ray Waite*

                      By:    */s/ James D. DiPasquale*

                      James D. DiPasquale, #11033
                      841 Bishop Street, Suite 1610
                      Honolulu, Hawaii 96813
                      Telephone:  (808) 240-4771
                      Email: james@ds-lawoffices.com